IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROYAL CREDIT UNION,

                Plaintiff,

  v.                                                                                          OPINION and ORDER

DAHLIA I. NEISS, PENNWOOD D LLC,                              25-cv-13-wmc
4GIRLSCHILL LLC,

                Defendants.

---

Plaintiff Royal Credit Union alleges that it provided defendant 4GirlsChill, LLC a business loan, which was personally guarantied by defendants Dahlia Neiss and Pennwood D LLC. After 4GirlsChill defaulted on the loan, plaintiff sued all three defendants in state court. However, the defendants removed the case to federal court under 28 U.S.C. §§ 1441 and 1446.

Two motions are now pending before the court. First, plaintiff asks the court to remand the case to state court under 28 U.S.C. § 1447(c), contending that defendants' removal was untimely. (Dkt. #7.) Second, plaintiff moves to appoint a receiver over 4GirlsChill's real and personal property, over which plaintiff purports to hold a mortgage. (Dkt. #19.) Further complicating matters, rather than respond to the motion to appoint a receiver, counsel for defendant 4GirlsChill filed motions to withdraw their appearance in this court, (dkts. ##24, 27), which Judge Anita Boor initially denied without prejudice. As discussed in more detail below, because defendants' notice of removal was untimely, the court will remand this case to Clark County Circuit Court. Moreover, having ordered remand, the court declines to address plaintiff's motion to appoint a receiver, an issue more appropriately addressed in state court.

OPINION

There is no dispute that the court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Defendants adequately alleged in their amended notice of removal that plaintiff and defendants are citizens of different states and that the amount in controversy is more than $75,000. (Dkt. #1.) Instead, plaintiff seeks to remand the case to state court on the ground that defendants removed the case after the deadline established by 28 U.S.C. § 1446(b).

Under § 1446(b)(1), a defendant generally has 30 days after receiving the complaint to remove an action from state court to federal court. The 30-day clock provided for by § 1446(b)(1) begins to run when a defendant is notified of an action and "brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). In cases where a defendant has not been served with an original complaint, service of an amended summons and complaint triggers the 30-day period for removal. *Gray v. Walgreens Boots All., Inc.*, No. 23 CV 11441, 2024 WL 2863332, at *5 (N.D. Ill. June 6, 2024).

Here, plaintiff filed a summons and complaint in the Clark County Circuit Court against defendants Neiss and Pennwood D LLC on June 11, 2024. On September 3, 2024, plaintiff filed an amended summons and complaint, adding 4GirlsChill as a defendant, and served 4GirlsChill the following day. Plaintiff apparently repeatedly attempted to serve Neiss or Pennwood, but those attempts were unsuccessful. However, on September 9, 2024, Attorney Barret Van Sicklen filed a notice of appearance for all three defendants Neiss, Pennwood and 4GirlsChill, and "request[ed] that copies of all pleadings and other matters submitted to the Court be served upon him via the Court's electronic filing system." (Dkt. #1-15.) Several weeks later, on October 25, 2024, plaintiff filed a second amended summons and

2

complaint against all defendants using the Clark County Circuit Court's electronic filing system, although only 4GirlsChill answered the second amended complaint. Plaintiff later moved for summary judgment against all three defendants.[1] However, on January 10, 2025, Attorney Van Sicklen filed an "admission of service" on behalf of Neiss, stating that he was authorized to accept service on her behalf. (Dkt. #1-13.) That same day, Neiss also filed a notice of removal to federal court.

Defendant Neiss contends that because she had not been effectively "served" with any summons or complaint until January 10, 2025 -- when her counsel filed an "admission of service" -- the notice of removal filed the same day was timely. Plaintiff disagrees, contending that Neiss was formerly and properly served with the second amended complaint on October 25, 2024, through the Clark County Circuit Court's electronic filing system, through which Attorney Van Sicklen had previously appeared on her behalf and requested electronic service. Plaintiff argues that this notice of retainer and subsequent electronic service of the second amended summons and complaint were sufficient to achieve formal service under Wisconsin statute.

The court agrees with plaintiff. Under Wisconsin law, the service of a summons and complaint upon a party's attorney is sufficient to satisfy the service of process requirement of Wis. Stat. § 801.11(1)(d), so long as the party's attorney is "authorized by appointment or by law to accept service" and the party has provided "written consent to be served by electronic means." Wis. Stat. § 801.18(5)(d). Here, more than a month before plaintiff filed its second

---

[1] The Clark County Circuit Court entered a written decision purporting to grant summary judgment to plaintiff. (Dkt. #16-5.) However, at the time, the case had already been removed to this court. Regardless, after the state court received notice of removal, it rescinded its summary judgment decision.

amended summons and complaint, Attorney Van Sicklen electronically filed a notice of retainer *and* confirmed in writing that he was counsel of record in the Clark County lawsuit for all defendants.  Moreover, his appearance as an attorney for defendants gave him the authority to bind his clients in specifically requesting that "copies of all pleadings and other matters submitted to the Court be served upon [him] via the Court's electronic filing system," qualifying as written consent by all three defendants that they be served by electronic means, including defendant Neiss.  (Dkt. #1-15)².  Thus, service via electronic filing pursuant to Neiss' written consent met the requirements of Wis. Stat. § 801.11(1) and § 801.18(5)(d) and (6)(b).

Nevertheless, defendant Neiss now contends that Attorney Van Sicklen's September 9, 2024, notice of retainer was actually invalid because she had not yet retained Van Sicklen at the time, making him unauthorized to accept service on her behalf.  Thus, characterizing the retainer notice a "simple mistake," which she did not realize until plaintiff filed its motion to remand, prompting her so-called "corrected notice of retainer" to be filed in Clark County Circuit Court on February 18, 2025 (after this case had already been removed to federal court).  (Dfts.' Br. (dkt. #11) 1.)

Neiss' excuses are both unpersuasive and barred by the doctrine of judicial estoppel.  That doctrine acts "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 914 (7th Cir. 2005).  Here, the original notice of retainer dated September 9, 2024, expressly stated that Attorney Van Sicklen was appearing for and would accept service on behalf of all defendants, including Neiss.  Accordingly, plaintiff

---

² Neiss' notice of removal states that she is the sole member of 4GirlsChill LLC and Pennwood LLC.

4

had every right to rely on the notice by ceasing further attempts to serve Neiss and Pennwood personally, and proceeding to communicate directly with Van Sicklen with the understanding that he represented all defendants.  (*See* Sept. 17, 2024, email exchange (dkt. # 16-1) ("I am one of the attorneys representing RCU in the pending actions involving your clients, 4GirlsChill LLC, Dahlia Ne[i]ss, and Pennwood D LLC...."); (Oct. 29, 2024 email exchange (dkt. #16-3) ("[Y]ou are counsel of record for 4Girls, Dahila Neiss, and Pennwood D LLC. [P]lease let me know if you are not the person to discuss these matters and refer me to whom has authority to speak on behalf of the Borrower and each Guarantor.")

At no point did Van Sicklen object to or otherwise correct the repeated statements that Neiss and Pennwood were his clients.  Even in plaintiff's motion for summary judgment filed against all defendants in Clark County Circuit Court, plaintiff expressly stated that Attorney Van Sicklen had appeared on behalf of Neiss and Pennwood, and despite those defendants failing to file responsive pleadings, the court had personal jurisdiction over them because service of the summons and complaint had been proper.  (Dkt. #1-20, at 6, n.2.)  In other words, plaintiff raised the exact same service issues that are now being argued here.  Next, Neiss did not object, or even respond, to plaintiff's motion for summary judgment.  Instead, she filed her notice of removal some three weeks later.  Neiss' new, inconsistent position that Van Sicklen and she did not realize his error until the motion to remand was filed, and thus lacked authority to accept service on her behalf, does not hold up to scrutiny factually, legally, or under the circumstances here.

Accordingly, the court finds that in filing the notice of retainer and accepting electronic service on Neiss' behalf, Attorney Van Sicklen acted with authority as her authorized agent, meaning that she was properly served when plaintiff electronically filed its second amended

5

summons and complaint on October 25, 2024. Therefore, Neiss' notice of removal was untimely, and this case must be remanded to state court.

ORDER

IT IS ORDERED that plaintiff Royal Credit Union's motion to remand (dkt. #7), is GRANTED. This case is REMANDED to the Circuit Court for Clark County, Wisconsin.

Entered this 12th day of August, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge